STEVEN F. GRUEL (CSBA 213148)
Attorney at Law

655 Montgomery Street, Suite 1700
San Francisco, California 94122
Telephone Number (415) 989-1253
attystevengruel@sbcglobal.net

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-05-00395-CRB |
| | ) | |
| Plaintiff, | ) | DEFENDANT ANTHONY LAU'S |
| | ) | OPPOSITION TO GOVERNMENT'S |
| Vs. | ) | MOTION FOR DEPOSITION  AND |
| | ) | CONTINUED REQUEST |
| YOUNG JOON YANG, a/k/a Yang, et al. | ) |  FOR DISCOVERY |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DEFENDANT ANTHONY  LAU'S  OPPOSITION & CONTINUED DISCOVERY REQUEST

The government has filed a status report and requests an order for Rule 15 depositions.

Defendant Lau objects to the taking of depositions at this time because important facts, not

mentioned in the government's status report, make the taking of depositions unfair to the defense

and meaningless as a method of preserving trial testimony.

Specifically, for several months now, the Lau defense has informally requested certain

salient disclosures by the prosecution.  Given the nature and wide scope of the government's

*DEFENDANT ANTHONY LAU'S*
*OPPOSITION TO GOVERNMENT'S*
*MOTION FOR DEPOSITION*
*AND CONTINUED REQUEST*
*FOR DISCOVERY*

– 1

investigation and indictment, the requested disclosures are important for not only interviewing the witnesses (both material and non-material), but are now critical if there are to be Rule 15 depositions.

Indeed, since early July 2005 we have requested and have not received information that is necessary to prepare for any deposition requested by the government. Until the following topics and discovery requests have been cleared up by the government, their request for Rule 15 depositions should be denied. The government has remained silent on the following relevant topics:

A. Relevant Evidence From Other Investigations

It is believed, from government press releases and news accounts, that this San Francisco case is connected to other current prosecutions in other cities across the country. We asked, for example, that the government check with the prosecutors / investigators in the Central District of California in the related investigations for any discovery (statements, *Brady* material, etc.,) as it relates to the witnesses in this case. To date, we have not heard from the government on this issue or whether they checked into this matter.

B. An Anticipated Superseding Indictment Makes Taking Trial Depositions Meaningless

The defense has heard rumors of a Superseding Indictment in this case. The Lau defense has requested that the government inform what, if any, new charges are expected to be brought against defendant Anthony Gar Lau. Without knowing the potentially new charges, the defense can not evaluate which witnesses need to be deposed prior to their voluntarily departures from the United States. For example, if the government expects to present to the grand jury in a Superseding indictment a "human trafficking" violation, then the numerous witnesses who told law enforcement that they did not work under "force, fraud or coercion" are extremely important

*DEFENDANT ANTHONY LAU'S*
*OPPOSITION TO GOVERNMENT'S*
*MOTION FOR DEPOSITION*
*AND CONTINUED REQUEST*
*FOR DISCOVERY*

for the defense.  They may not, on the other hand, need to be deposed if the government can represent that no such charge will be filed against Mr. Lau.   In short, any additional information regarding new expanded charges is critical in weighing whether to depose an unavailable trial witness.

   Likewise, the defense can not effectively examine a Rule 15 witness if the full scope of the charges are not known.  The government, at the very least, should be required to inform the Court as to what new charges are anticipated, and upon what evidence, before ordering any depositions.

C.   Rule 15 Witnesses Identified on the Intercepted Calls

   Has the prosecution identified any and all intercepted telephone conversations involving the material and / or non-material witnesses?  We need this information to not only use in our interviews of these witnesses, but additionally for use in any direct and cross-examination in the requested depositions and at trial.  It is our position that these intercepted calls would also constitute prior statements of these witnesses in the control and custody of the government and should therefore be disclosed.  No deposition should take place unitl the government responds on this issue.

D.  Non-governmental  Organizations (NGOs) – Their Reports Constitute *Jecnks* Material

   The defense understands that non-governmental organizations (NGOs) were part of the interview process of the women in this case.  We have repeatedly requested discovery of the NGO notes and reports of their interviews.  Any promises made by the NGOs, such as immigration benefits, would clearly fall under the disclosure requirements under *Gigili*o.

*DEFENDANT ANTHONY LAU'S*
*OPPOSITION TO GOVERNMENT'S*
*MOTION FOR DEPOSITION*
*AND CONTINUED REQUEST*
*FOR DISCOVERY*

Furthermore, we have requested attorney and agent notes from the interviews of the witnesses.

CONCLUSION

Rule 15 depositions "serve the interests of justice" only if they are meaningful.  Otherwise, without full disclosure by the government, they are a waste of everyone's time and an unnecessary expense.  The requested depositions should only occur until after the above discovery requests are fulfilled.

Dated: September 6, 2005_       _/s/_ _STEVEN GRUEL_____
                                Steven F. Gruel
                                Randy Montesano
                                Attorneys for Anthony Gar Lau

*DEFENDANT ANTHONY LAU'S*
*OPPOSITION TO GOVERNMENT'S*
*MOTION FOR DEPOSITION*
*AND CONTINUED REQUEST*
*FOR DISCOVERY*